# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| ANGELA ATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 3:18-CV-00677 |
| | ) | |
| ELITE RESOURCES, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

### NATURE OF COMPLAINT

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including right to be reasonably accommodated, protected by the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

### CPARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Angela Ates (hereinafter "Ates" or "Plaintiff"), is a citizen of and a resident of Mecklenburg County, North Carolina.

3. Defendant, Elite Resources, Inc., (hereinafter "Elite" or "Defendant"), is a Domestic Corporation operating in Pineville, North Carolina and may be served with process through its registered agent, Jan C. Meyer, at PO Box 410302, Charlotte, NC 28241.

1

4.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6.     Ates began employment with Elite in on or about April 10, 2017.

7.     At all times relevant to this complaint, Ates worked for Elite as an Account Manager.

8.     Ates was qualified for her position as Account Manager based on training and experience.  Additionally, before the events identified in this complaint, Ates was never warned, counseled, or disciplined regarding her job performance.

9.     Ates suffers from anxiety and post-traumatic stress disorder ("PTSD"), and Elite was aware of her conditions.  These conditions affect Ates' major life activities including, but not limited to thinking, concentrating, working, breathing, and interacting with others. These major life activities were substantially limited by her conditions and she was disabled within the meaning of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 (hereinafter "ADA").

10.    Elite was aware of Ates' disabilities and aware of her need for reasonable accommodations so that she could perform the essential functions of her job.

11.    Ates required weekly appointments with her doctor to manage her conditions and provided Elite with written verification from her doctor that these appointments were necessary.

12.    After notifying Elite of her need for weekly time off, Elite began treating Ates differently, including removing her job duties.

13. Ates was able to perform her job as Account Manager despite her disability with reasonable accommodations. Ates needed to leave early from work one day a week, and her job duties could be fulfilled by coming in early or staying later on a different day.

14. On October 27, 2017, Ates was terminated due to an alleged reduction of force. Upon information and belief, Ates' position was immediately replaced. Therefore, there was no reduction in force, which means that Defendant's reason for termination was pretext.

15. Ates was willing to engage in the interactive process but Elite failed or refused to so engage.

16. Elite's failure to provide Ates with the reasonable accommodations led to her discharge.

17. At all times relevant Ates was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA as she had been performing all of the essential functions or could have performed the essential functions with a reasonable accommodation.

18. Elite was a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA at all relevant times.

19. On or about November 30, 2017, Ates filed a charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC). (A redacted copy of that Charge is attached hereto as Exhibit A).

20. Ates received her Notice of Right to Sue from the EEOC with a mailing date of September 28, 2018. (A redacted copy of the Notice, stamped received on October 1, 2018, is attached hereto as Exhibit B).

21. This action is filed within ninety (90) days of Ates' receipt of the Notice of Right to Sue from the EEOC.

## FIRST CLAIM FOR RELIEF
### (Violation of ADA on the basis of Discrimination)

22. Ates incorporates by reference the allegations of paragraphs 1 through 21 of this complaint.

23. Ates had a disability as defined by the ADA, at the time she was terminated from employment by Defendant.

24. Ates was terminated because Defendant refused reasonable accommodations because of her disability.

25. Defendant's termination of Ates because of her disability and/or its disparate treatment of her due to her disability even though she was otherwise qualified for her position violates the ADA.

26. Defendant's discriminatory conduct caused and continues to cause Ates to suffer monetary loss and emotional distress.

27. Whatever reason Defendant claims as reason for termination is pretext.

28. Therefore, Ates now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

## SECOND CLAIM FOR RELIEF
### (Violation of ADA for Failure to Provide a Reasonable Accommodation)

29. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 of this complaint.

30. Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA with a disability, which substantially limits a major life activity.

31. Defendant was aware of Plaintiff's disability and her need for reasonable accommodations.

32. Defendant intentionally violated the ADA by refusing to provide reasonable accommodations.

33. Defendant's discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

34. Therefore, Plaintiff now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 for failing to provide a reasonable accommodation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory/unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in subjecting Plaintiff to disability discrimination.

C. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

D. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

E. This matter be tried by a jury

F. The judgment bear interest at the legal rate from the date of filing this action until paid.

G. Defendant be taxed with the costs of this action; and

H. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 28th day of December, 2018.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB#  33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N
Concord NC 28025
PO Box 1296 (28026)
Telephone:  704.706.9292
Facsimile:  704.973.7859
e-mail:  kirk@mailalf.com